**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CHARLES SAMPSON,**                                                            **PETITIONER**

**v.**                                                                                    **No. 2:08CV179-M-A**

**LEPHER JENKINS, ET AL.**                                                   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Charles Sampson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed; the petitioner has not responded, and the deadline for response has long expired. The matter is ripe for resolution. For the reasons set forth below, the instant motion to dismiss shall be granted and the instant petition dismissed as untimely filed.

**Facts and Procedural Posture**

Charles Sampson pled guilty to a charge of sexual battery in the Second Judicial District of the Circuit Court of Bolivar County, Mississippi. Sampson was sentenced by Order filed May 28, 2003, to serve a term of fifteen years, with five years suspended and ten years to serve in the custody of the Mississippi Department of Corrections. Mississippi has no statutory provision for a direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101. Sampson mailed a petition for post-conviction relief to the Bolivar County Circuit Court on April 11, 2006, which the court placed on its docket April 21, 2006. Sampson filed the instant petition for a writ of *habeas corpus* on July 28, 2008.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Under subsection (A), Sampson's conviction became final on June 27, 2003, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *see also Burns v. State*, 344 So.2d 1189 (Miss. 1977) (allowing an appeal from a guilty plea within thirty days when defendant alleges illegal sentence). Sampson did not, however, properly file a state court pleading to challenge his conviction for sexual battery on or before June 28, 2004.[1] As such, Sampson does not enjoy tolling of the limitations period under 28 U.S.C. § 2244(d)(2).

---

[1] The limitations period would have expired on Sunday, June 27, 2004; therefore, Sampson's petition for a writ of *habeas corpus* would have been due on or before Monday, June 28, 2004.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 24, 2008, and the date it was received and stamped as "filed" in the district court on July 28, 2008. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,487 days after the June 18, 2004, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of March, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**